## Rock Appeal

*George F. Mahaney,* for appellant.
*Sherman K. Levine,* for Commonwealth.

RODGERS, P. J., January 17, 1962.—On December 29, 1959, the Retail Liquor License Quota Law permitted one license for each 1,000 population or fraction thereof. Hickory Township then had 12 licenses and an

official population of 11,692, as filed by the special 1958 census. On that date, Joseph E. Rock, applicant, filed an application for a restaurant liquor license with the Pennsylvania Liquor Control Board. Accompanying the application was a letter from the applicant's attorney requesting that the application be held pending until the 1960 Federal census figures were available. The board advised the applicant that he would be kept informed of the status of his application.

On February 2, 1960, the Act of December 17, 1959, P. L. 1932 (47 PS §4-461) became effective limiting the number of retail licenses to one per each 1,500 population. This act contained a saving clause making it inapplicable to applications "filed and pending" prior to its effective date.

On February 19, 1960, the board returned the applicant's application papers stating that the application would not be considered because there was no vacancy in the quota for Hickory Township.

On March 4, 1960, applicant's attorney requested a hearing on his application. On December 19, 1960, the board received certification from the Federal Bureau of Census dated December 16, 1960, certifying that the official population of Hickory Township, Mercer County, Pennsylvania, was 12,635 as af April 1, 1960.

On February 8, 1961, following a telephone discussion on February 1, 1961, with A. W. Caley, Director of Licensing, applicant's attorney by letter returned to the board the papers sent him on February 19, 1960, together with current bond and current health license. Subsequently, the board handled the application in the usual manner by conducting an investigation of applicant and his premises and then scheduled and held a hearing on the matter on March 23, 1961, at Erie, Pa., before a hearing examiner of the board.

On July 12, 1961, the board notified applicant that his application had been refused because the license

quota for Hickory Township, Mercer County, was then exceeded.

Rock then filed this appeal based on the contention that his application was "filed and pending" under the 1,000 per population rule and that this rule should be applied to the decennial census of 1960 figures which were effective at the time of the *hearing* on his application. The applicant suggests that the saving clause continued the effectiveness of the old law to the extent that he could apply its terms to facts arising after its natural demise because his application was "filed and pending" prior to the effective date of the new law.

This is a neat argument, but it is not good law. The statute states that the application must be filed *and* pending. We must assume that both words have some meaning and that the legislature intended both words to be legally effective. Certainly Rock's application was filed under the new law, but was it pending? We think not. We believe that a pending application must mean one on which the board had power to act. It is perfectly clear that the board had no power to act on the Rock application prior to the effective date of the new quota law.

### Order

·And now, January 17, 1962, the appeal of Joseph E. Rock from the action of the Pennsylvania Liquor Control Board refusing· a license is dismissed.